UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Harrah's Operating Company, Inc.,
a Delaware corporation,

Plaintiff,

vs.

Scott T. Just,

Defendant.

Court File No.: 01-672 DWF/SRN

**STIPULATION AND PROTECTIVE ORDER**

---

**STIPULATION**

Whereas, the parties to this Stipulation, Plaintiff Harrah's Operating Company, Inc., ("Harrah's") and Defendant Scott T. Just ("Just") wish to maintain the confidentiality of certain information that may be disclosed in this action that they deem to be confidential and proprietary, and wish to ensure that such information shall not be used for any purpose other than in this action, Plaintiff and Defendant, through their undersigned counsel, hereby stipulate and agree that the Court may enter the following Protective Order in the above-captioned action.

Dated: May 2, 2001

**MASLON EDELMAN BORMAN & BRAND LLP**

By______________________________

Jonathan S. Parritz (177581)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-4140
(612) 672-8200

ATTORNEYS FOR DEFENDANT

MAY 04 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: May 1, 2001

**RIDER BENNETT EGAN & ARUNDEL**

By Kathy S. Kimmel

Stanley G. Siegel, Jr. (#199552)
James L. Forman (#167186)
Kathy S. Kimmel (#268823)
2000 Metropolitan Center
333 South Seventh Street
Minneapolis, MN 55402
(612) 340-8902 340-8982

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DWF/SRN

Harrah's Operating Company, Inc.,
a Delaware corporation,

Court File No. 01-672

Plaintiff,

vs.

**PROTECTIVE ORDER**

Scott T. Just,

Defendant.

---

Upon motion by the parties for an order in the above-captioned action pursuant to Fed. R. Civ. Proc. 26(c) that trade secret or confidential information be disclosed only in a designated way, and for good cause shown;

IT IS HEREBY ORDERED:

1. Any party or producing party (collectively hereinafter "Producing Party") from time to time may designate as "confidential" any discovery materials which contain confidential information, the disclosure of which would, in the good faith judgment of the Producing Party, result in disclosure of confidential commercial information or undue invasion of privacy. Any Producing Party may also designate as "Attorneys' Eyes Only" any discovery materials which contain the Producing Party's confidential proprietary information and/or its trade secrets. A designation of trade secrets under this Protective Order shall not be controlling on the issue of whether a document, material, information or thing is, in fact, a trade secret under the applicable Trade Secrets Act. Together, "confidential" and "Attorneys' Eyes Only" materials are hereinafter "Confidential Discovery Materials." Any information produced during the course of discovery, including without

limitation, documents or things produced by a party pursuant to Fed. R. Civ. Proc. 33 or 34, or the Local Rules of the United States District Court for the District of Minnesota, and documents or things subpoenaed from non-parties, testimony elicited or documents subpoenaed from a non-party witness in connection with deposition testimony, and deposition transcripts, may be designated as "confidential" or "Attorneys' Eyes Only" by any party or non-party who has produced documents, information, things or testimony.

2. Confidential Information: Any matter designated as "confidential" may be disclosed only to the following persons:

a. The party or non-party producing the document or item;

b. Attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of Plaintiff, its in-house counsels and staff of its in-house legal department working on this case;

c. Experts or consultants hired by or consulted by such attorneys in connection with this case provided that such experts or consultants have not been in the past and are not now employees or consultants of any party hereto, or any employer of any party hereto, other than solely for litigation matters; and the expert or potential expert agrees in writing to the restrictions set forth herein;

d. Three (3) employees of Plaintiff who are not lawyers and who are reasonably necessary to assist counsel in this case, and the person(s) agree(s) in writing to the restrictions set forth herein, and whose identities are disclosed to Defendant and his counsel;

e. The Court and Court personnel;

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

3. "Attorneys' Eyes Only" Material: Any matter designated as "Attorneys' Eyes Only" may be disclosed only to the following persons:

a. The party or non-party producing the document or item;

b. Attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of Plaintiff, its in-house counsels and staff of its in-house legal department working on this case;

c. Experts or consultants hired by or consulted by such attorneys in connection with this case provided that such expert has not been in the past and is not now an employee or consultant of any party hereto, or of any employer of any party hereto, other than solely for litigation matters, and the expert or potential expert agrees in writing to the restrictions set forth herein.

4. To the extent feasible, all Confidential Discovery Material shall be stamped or otherwise designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" prior to its production. In the event that a party or Producing Party inadvertently fails to designate any Confidential Discovery Material, any party or the Producing Party may within thirty (30) days of production, or from the date of this order, whichever is later, make such a designation by notifying the other parties and the Producing Party in writing.

5. In the case of deposition testimony, counsel for a party or Producing Party shall, either at the deposition or within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony") either as "confidential" or "Attorneys' Eyes Only". During this 30-day period, the entire transcript shall be treated as though it was designated "Attorneys' Eyes Only" and shall be disclosed only to those persons so authorized under this Protective Order.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for business or competitive purposes, or for any other purpose whatsoever except the prosecution or defense of this case and any appeals taken therefrom.

7. The Plaintiff and Defendant shall provide, in writing, the assurances described in Paragraphs 2(c) & (d) and 3(b) & (c) above. The written assurances will not be available for inspection by the party and attorneys for the party whose confidential material is produced; however, the party producing the confidential information may request the Court to review such forms in camera to assure that the written certifications are proper.

8. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Protective Order.

9. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the Producing Party, or obtains permission from the Court, upon motion and with notice to all parties.

11. Within thirty (30) days after the conclusion of trial and all appeals, or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the Producing Party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order

which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

12. Defendant's personal computer hard drive shall be made available for copying and inspection forthwith to the expert designated by Plaintiff pursuant to Paragraph 3(c) above. Subject to paragraph 13 below, the hard drive and its contents shall be treated as "Attorneys' Eyes Only" until further order of this Court or except as otherwise agreed in writing by the parties.

13. Plaintiff's expert shall examine the contents of the hard drive solely for the purpose of determining whether any information belonging to Plaintiff resides thereon. The expert shall issue two reports, one pertaining to information/data created or stored before January 5, 2001, (hereinafter "Report One"), and one pertaining to information/data created or stored on or after January 5, 2001, (hereinafter "Report Two"). Both reports shall contain a statement as to whether any information relating or pertaining to Plaintiff exists on the hard drive and a summary of the nature of such information. Report One shall be treated as "Attorneys' Eyes Only" until further order of the Court, or except as otherwise agreed in writing by the parties. The expert shall deliver a copy of Report One to Plaintiff, and within 48 hours of Plaintiff's receipt of Report One, Plaintiff shall provide a copy of Report One to Defendant and his counsel. The expert shall deliver a copy of Report Two only to Plaintiff's out-side counsel, and within 48 hours of Plaintiff's out-side counsel's receipt of Report Two, such counsel shall provide a copy of Report Two to Defendant and his counsel. Defendant shall then have two (2) business days after receipt of Report Two to provide written objections to having any portion(s) of Report Two shown to Plaintiff under the restrictions of "Attorneys' Eyes Only." If Defendant provides such objections, Defendant shall, within a reasonable time, present his objections to the Court for a determination as to whether or not such portions should be restricted from review by Plaintiff under the "Attorneys' Eyes Only" designation.

Defendant has the burden of persuasion as to his objections. In the time period before the Court rules on Defendant's objections, the portion(s) of Report Two to which objections have been made shall be redacted and the remaining portions of Report Two shall be delivered to Plaintiff under the restrictions of "Attorneys' Eyes Only." If the Court determines that Plaintiff is entitled to view portion(s) of Report Two, under the restrictions of "Attorney's Eyes Only," the portion(s) shall be provided to Plaintiff accordingly. No destructive testing shall be performed on the hard drive.

14. Any party may apply to the Court for an order modifying this Protective Order, removing the "Confidential" or "Attorneys' Eyes Only" designations from any Confidential Discovery Materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials, including the expert report concerning Defendant's personal computer hard drive referred to in Paragraph 13 above. The burden of persuasion regarding any party or Producing Party's confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil Procedure and the applicable case law, except as otherwise provided herein. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

BY THE COURT:

Donovan W. Frank
Judge of U.S. District Court

DATED: May 4, 2001

670070.4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.